IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARION SANTARELLI, ) | CASE NO. 1:11 CV 1701 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | **REPORT & RECOMMENDATION** |
| Defendant. ) | |

## Introduction

Before me by referral[1] is an action under 42 U.S.C. § 405(g) by Marion Santarelli seeking judicial review of the final decision of the Commissioner of Social Security denying Santarelli's applications for disability insurance benefits and supplemental security income.[2] After the Commissioner filed an answer[3] and the transcript of proceedings,[4] the parties each

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Donald C. Nugent in a non-document order dated August 15, 2011.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

briefed their respective positions,[5] including supplemental fact charts[6] pursuant to my order.[7] Although oral argument had been scheduled in this matter,[8] I have determined from the filings and the record that such argument is not needed.

For the reasons that follow, I will recommend finding that the decision of the Commissioner should be affirmed as supported by substantial evidence.

## Facts

**A. Findings and decision of the Administrative Law Judge**

Santarelli was 59 years old at the time of the hearing.[9] She graduated from high school and lived with her 98-year-old mother, working as her mother's home health attendant.[10] Her past relevant work included working in a restaurant, as a department store clerk, and in shoe sales.[11]

---

[5] ECF # 19 (Santarelli's brief); ECF # 23 (Commissioner's brief). Santarelli received permission to file a rely brief (ECF # 26), but no such brief was received within the time allowed.

[6] ECF # 13 (Santarelli fact sheet); ECF # 23, Attachment (Commissioner's supplemental chart).

[7] ECF # 5.

[8] ECF # 24.

[9] Transcript ("Tr.") at 38.

[10] *Id*. at 38-40.

[11] *Id*. at 20.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Santarelli had severe impairments consisting of right knee sprain (status post-torn meniscus).[12] The ALJ then made the following finding regarding Santarelli's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).[13]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Santarelli could perform.[14] The ALJ, therefore, found Santarelli not under a disability.[15]

**B.  Issues on judicial review**

Santarelli asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.[16] Specifically, Santarelli argues that:

---

[12] *Id*. at 17.

[13] *Id.*

[14] *Id.* at 20.

[15] *Id.*

[16] ECF # 1.

- the ALJ violated the so-called treating physician's rule when he gave only "very limited weight" to the opinion of Santarelli's treating physician, Michael Jay Miller, M.D.;[17] and

- the ALJ improperly discounted Santarelli's credibility as to her testimony concerning pain.[18]

## Analysis

**A.  Standards of review**

*1.  Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

---

[17] ECF # 19 at 3-5.

[18] *Id*. at 6-8.

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

## 2. *Treating physician rule*

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[22]

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] 20 C.F.R. § 404.1527(d)(2).

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[23]

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[24] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[25]

The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[26] Although the treating source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[27] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[28] In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[29]

---

[23] *Id.*

[24] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004).

[25] *Id.*

[26] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003).

[27] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[28] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

[29] *Id.* at 535.

In *Wilson v. Commissioner of Social Security*,[30] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination.[31] The court noted that the regulation expressly contains a "good reasons" requirement.[32] The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[33]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[34] It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[35] The former confers a substantial, procedural right on

---

[30] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[31] *Id.* at 544.

[32] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

[33] *Id.* at 546.

[34] *Id.*

[35] *Id.*

the party invoking it that cannot be set aside for harmless error.[36] It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight to a treating physician's opinion created a substantial right exempt from the harmless error rule.[37]

The opinion in *Wilson* sets up a three-part requirement for articulation against which an ALJ's opinion failing to assign controlling weight to a treating physician's opinion must be measured. First, the ALJ must find that the treating source's opinion is not being given controlling weight and state the reason(s) therefor in terms of the regulation – the absence of support by medically acceptable clinical and laboratory techniques and/or inconsistency with other evidence in the case record.[38] Second, the ALJ must identify for the record evidence supporting that finding."[39] Third, the ALJ must determine what weight, if any, to give the treating source's opinion in light of the factors listed in 20 C.F.R. § 404.1527(d)(2).[40]

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such

---

[36] *Id.*

[37] *Id.*

[38] *Wilson*, 378 F.3d at 546.

[39] *Id.*

[40] *Id.*

weight. In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment. Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in § 1527(d)(1)-(6).

The Sixth Circuit in *Blakley v. Commissioner of Social Security*[41] set out some standards for how ALJ's should employ the treating physician rule. In *Blakley*, the ALJ failed to mention the opinion of one treating physician altogether;[42] discounted the opinion of another as inconsistent with other evidence of record;[43] and failed to disclose whether the opinion of a third was weighed as a treating physician.[44] On these facts showing non-compliance by the ALJ with the rule as to treating physicians, *Blakley* expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[45] Specifically, *Blakley* concluded that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error."[46]

---

[41] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009).

[42] *Id*. at 407-08.

[43] *Id*. at 408.

[44] *Id*.

[45] *Id*. at 409-10.

[46] *Id*. at 410.

**B.     Application of standards**

*1.     The ALJ did not violate the treating physician's rule in not giving Dr. Miller's opinions less than controlling weight.*

The opinions at issue here are two written forms completed by Dr. Miller. The first, a pain questionnaire, was done on March 15, 2010, and stated, among other things, that Santarelli could stand or walk for one hour at a time and for four hours in an eight-hour day; that she could carry no more than 10 pounds for one-third of the day; and that she would be absent about twice a month due to her impairments.[47] The second opinion from Dr. Miller is found in a medical source statement completed on June 24, 2010. There, he reduced his opinion as to Santarelli's ability to stand or walk, stating that Santarelli would be limited to standing for only a total of two hours in an eight-hour day.[48]

The ALJ expressly noted both of these opinions, assigning both of them very little weight.[49] In so doing, the ALJ specifically noted first that, although Dr. Miller has been Santarelli's treating physician for ten years, his opinions as to her limitations are contradicted by Santarelli's own statements and work history.[50] The ALJ observed that Santarelli has worked 20 to 28 hours a week since the alleged onset date and continues to work as a

---

[47] Tr. at 587-89.

[48] *Id.* at 602.

[49] *Id.* at 19.

[50] *Id.*

-10-

personal care attendant, where her duties include cooking, shopping, and driving, and her own testimony indicates that she can lift 20 pounds.[51]

Moreover, in considering the reduced amount of time Dr. Miller opined in his later statement that Santarelli could stand or walk, the ALJ noted that this greater limitation – which was given three months after the first opinion – was not supported by any additional corresponding evidence in the file showing any new setbacks or other debilitating situation concerning her knee.[52]

Santarelli's argument here centers on the allegation that the ALJ here did not consider several factors concerning Dr. Miller's opinion that Santarelli contends were mandatory.[53] In particular, she asserts that 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) require the ALJ to consider the examining relationship, the treating relationship (length, frequency, nature and extent of treatment), supportability; consistency, and specialization.[54]

In fact, as the Commissioner points out, the ALJ in this case expressly addressed the length (10 years) of the treating relationship between Santarelli and Dr. Miller and, as noted above, then gave detailed reasons why Dr. Miller's opinions were inconsistent with other evidence of record.[55] In addition, as also detailed above, the ALJ also specifically noted that

---

[51] *Id.*

[52] *Id.*

[53] ECF # 19 at 5.

[54] *Id.*

[55] ECF # 23 at 12.

there were no new medical findings in the record to support the reduced limitations in the second opinion.

Recently, the Sixth Circuit in *Francis v. Commissioner of Social Security*[56] considered the same argument now made by Santerelli and squarely rejected it, finding that "[a]lthough the regulations instruct the ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons ... for the weight ... give[n] [to the] treating source's opinion' – not an exhaustive factor-by-factor analysis."[57] Thus, where the ALJ acknowledges the treating physician's role as a treating source but then assigns little weight to that source's opinion on the grounds that the opinion was inconsistent with other, specified evidence of record, *Francis* teaches that "[p]rocedurally, the regulations require no more."[58]

Accordingly, since the clear rubric set forth in *Francis* directly applies here, I recommend finding that the ALJ committed no violation of the treating physician rule by not undertaking an exhaustive factor-by-factor analysis of all elements set forth in the regulations before giving good reasons for assigning little weight to the opinions of Dr. Miller.

---

[56] *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802 (6th Cir. 2011).

[57] *Id.* at 804 (citation omitted).

[58] *Id.* at 805; *Dixon v. Comm'r of Soc. Sec.*, 2012 WL 2826970, at *11 (N.D. Ohio July 10, 2012) (citing *Francis*).

## *2. The ALJ gave good reasons for not fully crediting Santarelli's testimony concerning pain.*

Here, Santarelli argues that the ALJ improperly discounted her testimony as to disabling pain by finding that such testimony was inconsistent with her daily activities.[59] Citing the Sixth Circuit's holding in *Rogers v. Commissioner of Social Security*,[60] in particular, Santarelli maintains that the ALJ erred by equating the assistance she provides to her mother, where she operates "at her own pace, with rest breaks whenever she desire[s],"[61] with the ability to operate in a "competitive work environment" where she would be accountable to a supervisor.[62] Further, she contends that the ALJ impermissibly based his credibility assessment on merely his own "intangible or intuitive notion," and so did not provide specific reasons, supported in the record, for discounting Santarelli's credibility concerning pain.[63]

As to using Santarelli's current activities as a home health attendant to her mother as evidence that pain from Santarelli's right knee was not as severe as Santarelli stated, I note initially that the ALJ specifically cited to the testimony of the vocational expert that

---

[59] ECF # 19 at 6.

[60] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007).

[61] ECF # 19 at 7.

[62] *Id*.

[63] *Id*.

-13-

Santarelli's current activities with her mother is defined in the DOT as medium work.[64] Thus, contrary to the assertions that the ALJ was misconstruing the true nature of those activities or was improperly basing the credibility finding only on subjective intuition, the ALJ expressly relied on the expert, unrefuted testimony of the VE to conclude that Santarelli's current activities were equivalent to doing medium work. Based on that finding, the ALJ then determined that those activities, together with other evidence of record, were inconsistent with complaints of disabling pain and so discounted Santarelli's testimony.

First, as the Ninth Circuit stated in *Carmickle v Commissioner of Social Security*,[65] "[t]he DOT is 'the best source for how a job is generally performed.'"[66] Thus, a VE's testimony may become unreliable because it conflicts with the DOT, but not because it complies to it.[67] As such, it was reasonable for the ALJ here to rely on the VE's testimony that Santarelli's activity as a home health attendant to her mother is defined in the DOT as medium work.

In articulating reasons for discounting a claimant's credibility, the ALJ must provide enough of an assessment to assure the reviewing court that he or she has considered the relevant evidence and be specific enough to permit the court to trace the path of the ALJ's

---

[64] Tr. at 18.

[65] *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155 (9th Cir. 2011).

[66] *Id.* at 1166 (quoting *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001)).

[67] *Gallo v. Comm'r of Soc. Sec.*, 449 F. App'x 648, 650 (9th Cir. 2011) (citing *Carmickle*, 533 F.3d at 1166).

reasoning.[68] The ALJ's credibility finding is entitled to deference and should not be disturbed absent compelling reasons.[69]

In this regard, having expert testimony from the VE to support the finding that Santarelli's current activity is medium work, the ALJ then has substantial evidence to support the subsequent finding that performing medium work is inconsistent with Santarelli's testimony of disabling pain.[70]

Therefore, after a review of the ALJ's decision in light of the applicable authority as to credibility findings, cited above, I recommend finding that the decision to discount Santarelli's credibility in this respect is both in accord with controlling case law and supported by substantial evidence.

## Conclusion

As noted, and for the reasons stated, I recommend finding that substantial evidence supports the finding of the Commissioner that Santarelli had no disability and thus that the decision of the Commissioner denying Santarelli disability insurance benefits and supplemental security income should be affirmed.

Dated: August 8, 2012                        s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

---

[68] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).

[69] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[70] *Clemens v. Astrue*, 2012 WL 1698293, at *5 (W.D.N.C. April 24, 2012) (evidence that claimant could do medium work "is inconsistent with Plaintiff's allegations of disabling pain and supports the ALJ's credibility determination" as to those allegations).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[71]

---

[71] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).